Matthews v. Gloss.

---

MATTHEWS, Respondent, v. GLOSS, Appellant.

1. Where an appeal is taken from a justice of the peace in a proceeding under the landlord and tenant act, and the transcript is filed by the justice in the land court; *held*, that it is error to dismiss the appeal on motion of the appellee, on the ground that the recognizance stated the appeal to be to the law commissioner's court, a motion for leave to amend the recognizance having been made before the motion to dismiss was disposed of. The court should have permitted appellant to file a good and sufficient recognizance.

*Appeal from St. Louis Land Court.*

The case is sufficiently stated in the opinion of the court.
*P. C. Morehead*, for appellant.
*C. Gibson*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit before a justice of the peace, under the landlord and tenant law of St. Louis county, to recover possession of a certain tenement in St. Louis. On the trial before the justice, the plaintiff recovered judgment, and the defendant took

an appeal. The recognizance taken by the justice required the plaintiff to satisfy the judgment, if there should be one on a trial anew in the *law commissioner's court* of St. Louis county, instead of the Land Court. The transcript being filed by the justice in the Land Court, the appeal was there dismissed, on motion of the appellee, because "the recognizance specified the appeal to the law commissioner's court." While this motion was pending, the appellant moved the court for leave to amend the recognizance. This was refused, and the appellee's motion sustained.

The record shows that the affidavit for the appeal was made by Cecelie Lecompte, who claims to be the landlord of the tenant, Gloss. The recognizance is also subscribed by her and Rene Lecompte.

The Land Court erred in sustaining the appellee's motion to dismiss. That court should have permitted the appellant to file a good and sufficient recognizance, and ought to have overruled the motion to dismiss. The statute declares that "no appeal allowed by a justice shall be dismissed on account that there is no recognizance, or that the recognizance given is defective, if the appellant, or some person for him, will, before the motion to dismiss is determined, enter, before the court, into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission." (Justices' Courts, § 17, art. 8, R. C. 1845, p. 670.)

The judgment of the Land Court must, consequently, be reversed, and the cause remanded ; the other judges concurring.